UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

MATTEL, INC.,                    :

             Plaintiff,   :

   - against -                 :

JOHN MASTROANI D/B/A HOT         :
WHEELS DEPOT,
                        :

             Defendant.   :

- - - - - - - - - - - - - - - - x

JUDGE DANIELS
08 CIV 3683

RECEIVED
APR 17 2008
U.S.D.C. S.D.N.Y.
CASHIERS

## COMPLAINT

Plaintiff Mattel, Inc. ("Mattel"), for its complaint against defendant John Mastroani d/b/a HOT WHEELS DEPOT ("Mastroani"), through its undersigned attorneys, avers:

### Nature of the Action

1. Mattel is bringing this action to enforce its rights in its HOT WHEELS intellectual property against Mastroani's unlawful acts.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction over the first four claims in this action pursuant to 28 U.S.C. § 1331 because they arise under the Lanham Act, 15 U.S.C. § 1051 et seq. or the Copyright Act, 17 U.S.C. § 101 et seq. The Court has subject matter jurisdiction over the

remaining claim under 28 U.S.C. § 1367 because it is so related to the claims within the original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution.

3.   Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## Parties

4.   Mattel is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in El Segundo, California. Mattel has an office in this district at 675 Avenue of the Americas, New York, New York. That office consists of approximately 75,000 square feet and employs approximately 170 people.

5.   Upon information and belief, Mastroani is a natural person and a citizen of the State of New York.

## Background of this Action

6.   Mattel is one of the world's most successful manufacturers and marketers of consumer products, including toys, games and dolls. Some of Mattel's most important product lines include BARBIE, HOT WHEELS, FISHER-PRICE and AMERICAN GIRL.

7. Mattel was founded in 1945 by Elliot and Ruth Handler and Harold "Matt" Mattson. They created the name of the company by using their names, "MATT"-son and "EL"-liot. Originating from the Handlers' garage, Mattel greatly expanded its operations following World War II and began to thrive as its reputation for producing high-quality toys spread. During the next several decades, Mattel became world-famous for producing high-quality toys at reasonable prices.

8. In 1966, Mattel's co-founder Elliot Handler set out to develop a die-cast toy car, which was both fast and stylish. He hired one of the automobile industry's top designers, Harry Bradley, to design this new toy line, which was named "HOT WHEELS."

9. Mattel introduced the first 16 HOT WHEELS models in 1968. By 1970, HOT WHEELS were featured on lunch boxes, bed sheets and Saturday morning televisions shows. The demand for HOT WHEELS has grown exponentially. Since 1968, Mattel has produced over one billion HOT WHEELS cars, more than Detroit's big three automakers combined. In addition to toy cars, the HOT WHEELS line of products includes clothing, bedding, automobile accessories, sunglasses, computer accessories, and a wide variety of other consumer goods.

10. Mattel has caused certain trademarks relating to HOT WHEELS to be registered in the United States Patent and Trademark Office on the Principal Register (the "HOT WHEELS Trademarks"). These registered trademarks are valid and subsisting and include, for example, Registrations Nos. 843,156 for scale model toys; 884,563 for toy miniature automobiles and accessories therefore; and 1,810,905 for toy vehicles and race sets.

11. Mattel has spent a great deal of time, effort, and money in the promotion of the HOT WHEELS Trademarks in connection with the HOT WHEELS products. Through extensive advertising, the HOT WHEELS Trademarks have become famous throughout the United States in connection with Mattel's HOT WHEELS products.

12. The HOT WHEELS Trademarks are inherently distinctive. Additionally, because of Mattel's extensive promotional activities involving these Trademarks, and as a consequence of Mattel's fair and honorable dealings with its customers, the relevant consuming public has come to recognize products bearing the HOT WHEELS Trademarks as high quality goods connected with or offered by Mattel and its official licensees.

### Mastroani's Actions

13. Without Mattel's permission or consent, Mastroani operates a retail store with exterior signs that contain the mark HOT WHEELS DEPOT. Photographs of the exterior of Mastroani retail store are annexed as Exhibit A.

14. Upon information and belief, Mastroani has adopted and used the HOT WHEELS DEPOT mark with the intent to trade on the enormous goodwill Mattel has earned in the HOT WHEELS products and to deceive and confuse the public into believing that Mattel has sponsored or approved Mastroani's retail services. Upon information and belief, Mastroani has damaged the reputation, business and goodwill of Mattel and, unless enjoined, Mastroani will continue such conduct to the immediate and impending, irreparable injury of Mattel.

### FIRST CLAIM FOR RELIEF
(Trademark Infringement)

15. Mattel repeats the allegations contained in Paragraphs 1 through 14 above as if set forth in full.

16. Mattel owns the HOT WHEELS Trademarks, which are valid and enforceable.

17. Mastroani has infringed the HOT WHEELS Trademarks in violation of 15 U.S.C. § 1114(a) by using the mark HOT WHEELS DEPOT at his place of business.

18. Mastroani's acts complained of herein have damaged and will continue to damage Mattel irreparably. Mattel has no adequate remedy at law for these wrongs and injuries. The damage to Mattel includes harm to its goodwill and reputation in the marketplace for which money cannot compensate. Mattel is, therefore, entitled to a preliminary and permanent injunction enjoining Mastroani, his agents, servants, employees, and attorneys and all persons acting in concert with them, from using the HOT WHEELS Trademarks or any colorable imitation or variation thereof.

19. Because Mastroani has willfully infringed the HOT WHEELS Trademarks, Mattel is entitled to recover all damages sustained as a result of Mastroani's unlawful conduct, including (1) the profits from the retail store HOT WHEELS DEPOT, (2) Mattel's damages, (3) the costs of this suit, and (4) reasonable attorneys' fees.

### SECOND CLAIM FOR RELIEF
(Trademark Counterfeiting)

20. Mattel repeats the allegations contained in Paragraphs 1 to 19 above as if set forth in full.

21. At all relevant times, Mattel has owned U.S. Trademark registrations for HOT WHEELS.

22. In connection with his retail store HOT WHEELS DEPOT, Mastroani has used a counterfeit of the HOT WHEELS Trademarks.

23. Based upon Mastroani's use of the counterfeit mark in connection with the retail store HOT WHEELS DEPOT, Mattel is entitled to treble damages, and/or statutory damages pursuant to 15 U.S.C. § 1117(b) and (c).

### THIRD CLAIM FOR RELIEF
(Trademark Dilution)

24. Mattel repeats the allegations contained in Paragraphs 1 to 23 above as if set forth in full.

25. Mattel has used the HOT WHEELS Trademarks in interstate commerce to identify its HOT WHEELS products.

26. By virtue of Mattel's long and continuous use of commerce, these marks have become and continue to be "famous" within the meaning of 15 U.S.C. § 1125(c).

27. Mastroani's use of the HOT WHEELS Trademarks in connection with its retail store HOT WHEELS DEPOT has diluted, and will continue to dilute, the distinctive quality of Mattel's HOT WHEELS Trademarks by lessening their capacity to identify Mattel's HOT WHEELS products in violation of 15 U.S.C. § 1125(c).

28. Mastroani's acts complained of herein have damaged and will continue to damage Mattel irreparably. Mattel has no adequate remedy at law for these wrongs and injuries. The damage to Mattel includes harm to its goodwill and reputation in the marketplace for which money cannot compensate. Mattel is, therefore, entitled to a preliminary and permanent injunction restraining Mastroani and his agents, servants, employees, and attorneys and all persons acting in concert with them from using the HOT WHEELS Trademarks or any colorable imitation or variation thereof.

29. Because Mastroani has willfully intended to dilute the HOT WHEELS Trademarks, Mattel is entitled to recover all damages sustained as a result of Mastroani's unlawful conduct, including (1) treble the profits of Mastroani from the retain store HOT WHEELS DEPOT, (2) treble Mattel's damages, (3) the costs of the suit, and (4) reasonable attorneys' fees.

<u>FOURTH CLAIM FOR RELIEF</u>
(Copyright Infringement)

30. Mattel repeats the allegations contained in Paragraphs 1 to 29 above as if set forth in full.

31. Mattel owns the copyright in the HOT WHEELS and flame design (the "HOT WHEELS Copyright"). Mattel has

registered that copyright with the United States Copyright Office. On March 25, 1991, Mattel received United States Copyright under Registration No. 445,024 with respect to that copyright.

32. The HOT WHEELS Copyright is valid and enforceable.

33. The signs on Mastroani's retail store HOT WHEELS DEPOT contain a copy of the HOT WHEELS Copyright and therefore infringes Mattel's HOT WHEELS Copyright.

34. Mastroani's acts complained of herein have damaged and, unless enjoined, will continue to damage Mattel irreparably. Mattel has no adequate remedy at law for these wrongs and injuries. Mattel is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining Mastroani and his agents, servants, and employees, and all persons acting in concert with them from, infringing the HOT WHEELS Copyright.

35. Because Mastroani has willfully infringed the HOT WHEELS Copyright, Mattel is entitled to recover all damages sustained as a result of Mastroani's unlawful conduct, including (1) the profits of Mastroani from the retail store HOT WHEELS DEPOT, or (2) Mattel's damages, or (3) statutory damages.

## FIFTH CLAIM FOR RELIEF
(Common Law Unfair Competition)

36.  Mattel repeats the allegations contained in Paragraphs 1 to 35 above as if set forth in full.

37.  Mastroani's acts complained of herein have damaged and may continue to damage Mattel irreparably. Mattel has no adequate remedy at law for these wrongs and injuries.  The damage to Mattel includes harm to its good will and reputation in the marketplace for which money cannot compensate.  Mattel is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining Mastroani and his agents, servants, employees, and attorneys and all persons acting in concert with them from using HOT WHEELS Trademarks or any colorable imitation or variation thereof and to restitution of Mastroani's ill-gotten gains.

WHEREFORE, Mattel demands judgment:

A.  Preliminary and permanently enjoining Mastroani, his agents, servants, employees, and attorneys, and all those acting in concert with them, from infringing the HOT WHEELS Trademarks in violation of 15 U.S.C. § 1114(a) and/or diluting the HOT WHEELS Trademarks in violation of 15 U.S.C. § 1125(c) by their use of the HOT

WHEELS Trademarks on any signs in connection with a retail store;

  B. Awarding Mattel its damages and/or Mastroani's profits from their willful infringement and/or dilution of the HOT WHEELS Trademarks;

  C. Preliminarily and permanently enjoining Mastroani, his agents, servants, employees, and attorneys and all persons acting in concert with them from infringing the HOT WHEELS Copyright in violation of 17 U.S.C. § 501;

  D. Awarding Mattel its damages or Mastroani's profits, or alternatively, at Mattel's election, statutory damages, as a result of his infringement of the HOT WHEELS Copyright;

  E. Awarding Mattel treble damages, treble profits and/or statutory damages pursuant to 15 U.S.C. § 1117(b) and (c);

  F. Awarding Mattel punitive damages in an amount to be determined by the trier of fact in this action;

  G. Awarding Mattel its costs in this action including its reasonable attorneys' fees; and

  H. Granting such other and further relief as

this Court deems just and proper.

Dated:  New York, New York
        April 16, 2008

                          DUNNEGAN LLC

                          By /s/ William Dunnegan
                            William Dunnegan (WD9316)
                            Nikitas E. Nicolakis (NN1325)
                          Attorneys for Plaintiff
                            Mattel, Inc.
                          350 Fifth Avenue
                          New York, New York 10118
                          (212) 332-8300